# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Tiairra Chambry, Natural Mother
and Legal Representative of G.G.,
a minor,

|  |  |
|---|---|
| | Case No. 23-12540 |
| Plaintiff, | Judith E. Levy |
| | United States District Judge |
| v. | |
| | Mag. Judge Anthony P. Patti |
| Livonia Public Schools, *et al.*, | |
| Defendant. | |

_____/

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTIONS [42, 43]

Before the Court are two motions filed by Plaintiff Tiairra
Chambry, who appears on behalf of her minor daughter, G.G.: her
motion "to Appoint Next of Friend, Petition to Reaffirm Approval of
Minor Settlement Petition Pursuant to MCR 2.420, and Request for
Rehearing" (ECF No. 42), and her "motion for relief from judgment and

to reopen case." (ECF No. 43.) For the reasons set forth below, Plaintiff's motions are denied without prejudice.[1]

Plaintiff requests that her case be reopened "for [the] purpose of appointing a next of friend and reaffirming the settlement amount and the amended distribution." (ECF No. 43, PageID.523.) Plaintiff states that the "Court never entered a formal order appointing [Plaintiff's] mother Tiairra Chambry as next of friend." (*Id.*) Additionally, Plaintiff sets forth that G.G.'s father, Jordan Grubbs, contacted counsel and "stated that he does not agree with the amount of the settlement and expected a higher amount." (*Id.* at PageID.522.) As such, Plaintiff's counsel "feels that it is best to have a rehearing to give the father an opportunity to be heard on the matter." (*Id.*)

Plaintiff seeks reopening of the case under Federal Rule of Civil Procedure 60 "due to mistake or surprise or neglect." (*Id.* at PageID.523.) The Court construes this request as arising under Rule 60(b)(1).

---

[1] The Court notes that Plaintiff's motions violate Eastern District of Michigan Local Rule 5.1, which requires page numbers and double-spaced formatting. L.R. 5.1(a)(2). The Court also notes that Plaintiff's motions, which were filed within a single hour, are repetitive and should have been consolidated into one, single motion. The Court encourages Plaintiff to take care in the future to follow the Local Rules and avoid piecemeal litigation.

Whether to grant relief under Rule 60(b) is in the Court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981) ("The grant of motions made under rule 60(b) is a matter of discretion for the district court."). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Plaintiff's motions are denied without prejudice because Plaintiff has not demonstrated "mistake, inadvertence, surprise, or excusable neglect" as is required by Rule 60(b)(1).

With regard to appointment of Tiairra Chambry as G.G.'s next friend, Plaintiff has not demonstrated "mistake, inadvertence, surprise, or excusable neglect." Federal Rule of Civil Procedure 17(c)(1)(A) provides that a "general guardian" may bring suit on behalf of a minor. Parents of minor children fall under the category of "general guardians." *In re Brooks*, 583 B.R. 443, 444 (Bankr. W.D. Mich. 2018) (citing *Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n*, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998); *Russick v. Hicks*, 85 F. Supp. 281

(W.D. Mich. 1949)); *see also Doe v. Shea*, No. 23-12797, 2023 WL 7993436, at *1 (E.D. Mich. Nov. 17, 2023). As such, it is not necessary for the Court to appoint Ms. Chambry as G.G.'s next friend for purposes of this suit because Rule 17(c)(1)(A) already permits Ms. Chambry to bring suit on behalf of her minor child.

With regard to Mr. Grubbs, the Court understands that he has certain concerns about the resolution of this case. However this, on its own, does not justify the Court's reconsideration of the settlement or the reopening of this case.

For the reasons set forth above, Plaintiff's motions are DENIED WITHOUT PREJUDICE. (ECF Nos. 42, 43.)

IT IS SO ORDERED.

Dated: March 13, 2026          s/Judith E. Levy
  Ann Arbor, Michigan          JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

4